United States District Court
Southern District of Texas
**ENTERED**
June 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE PATRICIO SANDOVAL SALMERON, | § § | CIVIL ACTION NUMBER 4:26-cv-03918 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| BRET BRADFORD, *et al*, | § | |
| Respondents. | § | |

## OPINION AND ORDER ON DISMISSAL

Petitioner Jose Patricio Sandoval Salmeron filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 15, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates (i) procedural due process, (ii) substantive due process, and (iii) the *Accardi* doctrine as to 8 CFR §287.8(c)(2). Id at ¶¶49–79. He further requests a stay of his removal proceedings. Id at ¶¶80–84.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 6. It maintains that Petitioner is lawfully detained under 8 USC §1231(a)(6) pursuant to a final order of removal. Id at 2. In that regard, it maintains that Petitioner's detention of approximately two months remains presumptively reasonable under *Zadvydas v Davis*, 533 US 678, 701 (2001). It also maintains that any

delay in his removal is solely attributable to his decision to pursue further meritless litigation and thus should not be counted against the six-month presumption. Id at 6. It also argues that, in any event, Petitioner fails to carry his initial *Zadvydas* burden because he "fails to cite any evidence that there is no significant likelihood of removal in the reasonably foreseeable future." Id at 7.

Petitioner on reply asserts that the Government's motion "incorrectly frame[s] this case as involving only a statutory challenge under *Zadvydas* and 8 USC §1231." Dkt 8 at 5. He instead purports to argue an "independent" due process challenge based on (i) "denial of any meaningful individualized custody determination," (ii) "continued civil detention without procedural safeguards," (iii) "arbitrary and excessive nature of detention as applied to him," and (iv) "the Government's refusal to provide any meaningful mechanism through which Petitioner may contest the necessity of his confinement." Id at 5–6. He also reasserts arguments as to the *Accardi* doctrine. Id at 11–17.

It is appropriate to review Petitioner's complicated immigration history as set forth in the Government's motion and his reply. Dkt 6 at 2–4; see Dkt 8 at 3–5 (reply by Petitioner).

- o In 2006, Petitioner entered the United States without lawful permission. Dkt 1 at ¶38. He maintains that he was initially "authorized to remain in the United States" due to cooperation with federal authorities but was placed in removal proceedings once such cooperation ended. Id at ¶39.

- o In August 2018, an immigration judge denied Petitioner's application for cancellation of removal proceedings and ordered him removed to El Salvador. See Dkt 6-1.

- o Petitioner appealed the IJ's order to the Board of Immigration Appeals, which affirmed and

- dismissed the appeal in January of 2021. Dkt 6-2.
- Petitioner further petitioned for review of that decision to the Fifth Circuit, which was denied in May of 2022. Dkt 6-3.
- Petitioner later moved the BIA to reopen his case, which was denied in September of 2022. Dkt 6-4.
- Petitioner again petitioned for review of that decision before the Fifth Circuit, which dismissed the petition in July of 2023. Dkt 6-5.
- In June of 2023, Petitioner filed an application for asylum with United States Citizenship and Immigration Services. Dkt 6 at 2.
- In July of 2025, DHS issued a notice to appear after USCIS referred the asylum application to an immigration judge. Dkt 1-4 at 4–6.
- On April 9, 2026, DHS moved to dismiss the 2025 NTA as improvidently issued because Petitioner was already subject to a final order of removal. The IJ granted that motion, terminating proceedings under the 2025 NTA. Dkt 6-6.
- On May 19, 2026, Petitioner appealed the IJ's order to the BIA. Dkt 6-7. That appeal remains pending.

This record of apparent and abundant allocation of process given to Petitioner stands in stark contrast to his arguments as to a lack of due process. To be clear, he nowhere disputes assertion that he is subject to a final order of removal or that 8 USC §1231 applies to him. As such, the *Zadvydas* framework regarding detention pending removal governs here. The undersigned considered that framework at length in *Abuelhawa v Noem*, 2025 WL 2937692, *4–6 (SD Tex). That analysis is incorporated.

In short, the Supreme Court interprets 8 USC §1231(a)(6) to limit post-removal order detention to a

3

period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 US at 689. It further holds in that regard that post-removal-period detention for six months is "presumptively reasonable." Id at 701. But after such six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid.

Petitioner has been in detention since March 24, 2026. Dkt 1 at ¶16. His detention of approximately two months is thus without question presumptively reasonable under *Zadvydas*, and "any challenge to his continued post-removal order detention is premature." See *Agyei-Kodie v Holder*, 418 F Appx 317, 318 (5th Cir 2011).

Beyond that, Petitioner doesn't even attempt to argue under the *Zadvydas* framework that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 US at 701. Instead, he relies on *Zadvydas* for the general proposition that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Dkt 8 at 6, citing 533 US at 690. But this ignores the actual holding of *Zadvydas*, which construed the detention statute under the constitutional-avoidance canon, while nevertheless recognizing a *presumptively reasonable* six-month period of post-removal order detention. 533 US at 701.

Petitioner's present detention of two months, then, cannot be said to violate substantive due process. And any further delay after this is due to Petitioner's own decision to appeal termination of the 2025 NTA. See *Lawal v Lynch*, 156 F Supp 3d 846, 854 (SD Tex 2016) (holding equitable tolling of six-month period to apply where alien prolongs detention by pursuing litigation challenging his removal order); see also *McLean v Tate*, 2021 WL 6007123, *3 (SD Tex) (same); *Abu-Hamdah v Vergara*, 2025 WL 4089348, *4 (SD Tex) (same).

4

Arguments by Petitioner as to procedural due process are of a similar, meritless nature. The undersigned has previously determined that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A). See *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex). The same analysis applies to detention under 8 USC §1231(a)(6), which states, "An alien ordered removed . . ., may be detained beyond the removal period . . . ." Notably, as with §1225(b)(2)(A), nothing in §1231(a)(6) makes any mention of a bond hearing or suggests that detention requires an individualized assessment of flight risk or dangerousness. Procedural due process thus doesn't require such hearing in this context.

As to the *Accardi* doctrine, such claims are foreclosed by the undersigned's prior determination that claims as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest. See *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex).

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Jose Patricio Sandoval Salmeron is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ___June 01, 2026___ , at Houston, Texas.

Honorable Charles Eskridge
United States District Judge

5